UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE VERTIS DENT,

    Petitioner,                             Civil No. 2:17-CV-12990
                                            HONORABLE ARTHUR J. TARNOW
v.                                       UNITED STATES DISTRICT JUDGE

CARMEN PALMER,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Andre Vertis Dent, ("Petitioner"), confined at the Michigan Reformatory in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions and sentences for assault with intent to do great bodily harm, M.C.L.A. 750.84, possession of a firearm in the commission of a felony, M.C.L.A. 750.227b; and felon in possession of a firearm, M.C.L.A. 750.224f.

Petitioner has filed a motion hold the petition in abeyance pending his re-sentencing in the state trial court and also to permit him to file a post-conviction motion to present additional claims that have not been exhausted with the state courts. The Court holds the petition in abeyance and stays the proceedings under the terms outlined in this opinion. The Court administratively closes the case.

1

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal but the case was remanded to the trial court for re-sentencing in light of the Michigan Supreme Court's decision in *People v. Lockridge*, 498 Mich. 358; 870 N.W.2d 502 (Mich. 2015), which held that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial. *People v. Dent*, No. 325562, 2016 WL 2942231 (Mich. Ct. App. May 19, 2016), *lv. den.* 500 Mich. 899, 887 N.W.2d 417 (2016). It is unclear whether petitioner's re-sentencing hearing has been conducted in the state trial court.

On August 30, 2017, petitioner filed his application for writ of habeas corpus.[1] Petitioner seeks habeas relief on the grounds that he raised in the state courts on his direct appeal.

## II. Discussion

Petitioner filed a motion to stay the proceedings and hold the petition in abeyance pending his re-sentencing and any possible appeal from the resentencing. Petitioner also seeks to have the petition held in abeyance so that he can file a post-conviction motion for relief from judgment to exhaust new claims with the state courts which are not included in the current petition.

---

[1] Under the prison mailbox rule, this Court assumes that petitioner filed his habeas petition on August 30, 2017, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

A federal district court is authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims in the state courts. *See Nowaczyk v. Warden, New Hampshire State Prison,* 299 F.3d 69, 77-79 (1st Cir. 2002)(holding that district courts should "take seriously any request for a stay."); *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000); *See also Bowling v. Haeberline,* 246 F. App'x. 303, 306 (6th Cir. 2007)(a habeas court is entitled to delay a decision in a habeas petition that contains only exhausted claims "when considerations of comity and judicial economy would be served")(quoting *Nowaczyk*, 299 F. 3d at 83); *See also Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Indeed, although there is no bright-line rule that a district court can never dismiss a fully-exhausted habeas petition because of the pendency of unexhausted claims in state court, in order for a federal court to justify departing from the "heavy obligation to exercise jurisdiction," there must be some compelling reason to prefer a dismissal over a stay. *Nowaczyk*, 299 F.3d at 82 (internal quotation omitted); *See also Bowling,* 246 F. App'x. at 306 (district court erred in dismissing petition containing only exhausted claims, as opposed to exercising its jurisdiction over petition, merely because petitioner had independent proceeding pending in state court involving other claims).

The Court grants petitioner's motion to hold the petition in abeyance during the pendency of petitioner's re-sentencing in the trial court and any possible

appeal from that re-sentencing. [2] The Court also grants petitioner's motion to hold the petition in abeyance during the pendency of any post-conviction motion in the state courts. [3] The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F.3d 717, 720-21 (6th Cir. 2002).

In making this determination, "the Court considers the consequences to the habeas petitioner if it were to proceed to adjudicate the petition and find that relief is not warranted before the state courts ruled on unexhausted claims. In that scenario, should the petitioner subsequently seek habeas relief on the claims the

---

[2] Where an appellate court in Michigan has remanded a case for some limited purpose following a defendant's appeal as of right in a criminal case, a second appeal as of right, limited to the scope of remand, lies from that decision on remand. *See People v. Kincade,* 206 Mich. App. 477, 481; 522 N.W. 2d 880 (1994).

[3] Petitioner's method of properly exhausting his new claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. *See Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

4

state courts rejected, he would have to clear the high hurdle of filing a second habeas petition." *Thomas,* 89 F. Supp. 3d at 942 (citing 28 U.S.C. 2244(b)(2)). Moreover, "[I]f this Court were to proceed in parallel" during the pendency of petitioner's various state court proceedings, "there is a risk of wasting judicial resources if the state court might grant relief on the unexhausted claim." *Id.*

Other considerations merit granting a stay also. This Court is currently not in a position to determine whether petitioner's new claims have any merit, thus, the Court cannot say that petitioner's claims are "plainly meritless." *Thomas,* 89 F. Supp. 3d at 943. Nor, on the other hand, can the Court at this time say that petitioner's new claims plainly warrant habeas relief. *Id.* If the state courts deny post-conviction relief, this Court would still benefit from the state courts' adjudication of these claims in determining whether to permit petitioner to amend his petition to add these claims. *Id.* Finally, this Court sees no prejudice to respondent in staying this case, whereas petitioner "could be prejudiced by having to simultaneously fight two proceedings in separate courts and, as noted, if this Court were to rule before the state courts, [petitioner] would have the heavy burden of satisfying 28 U.S.C. § 2244(b)(2)'s second-or-successive-petition requirements" should he seek habeas relief on his new claims. *Thomas,* 89 F. Supp. 3d at 943.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a

5

petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).  To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his various state court proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

### III.  ORDER

Accordingly, the Court hereby GRANTS petitioner's motion to stay and hold his habeas petition in abeyance. (Dkt. 7.).  The case is held in abeyance pending the completion of re-sentencing proceedings or the post-conviction proceedings in the state courts, **whichever comes later**.  Within **90 days** after the conclusion of petitioner's final state court proceedings, petitioner may move to amend his habeas petition to add his new claims.  Otherwise, petitioner must inform the Court that he will proceed with the petition as is.  To avoid administrative difficulties, the Court orders the Clerk of Court to close this case for statistical purposes only.  Nothing in this order shall be considered a disposition of petitioner's petition. *Thomas v. Stoddard,* 89 F. Supp. 3d at 943-44.

s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
**UNITED STATES DISTRICT JUDGE**

**DATED:** October 20, 2017